UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA

AT CHARLESTON

STEPHEN MICHAEL HOPKINS,

     Movant,

v.                              Civil Action No. 2:15-cv-10998
                                (Criminal No. 2:11-cr-00178)

UNITED STATES OF AMERICA,

     Respondent.


MEMORANDUM OPINION AND ORDER


          Pending before the court are the following motions by

the movant: (1) to vacate, set aside, or correct sentence

(Document No. 210) pursuant to 28 U.S.C. § 2255, filed on July

15, 2015; (2) to amend or supplement his section 2255 motion

(Document No. 240), filed on March 24, 2017; and (3) to amend or

supplement his section 2255 motion (Document No. 243), filed on

July 28, 2017.  All motions were filed pro se although the

Federal Public Defender briefed the original section 2255 motion

insofar as it related to issues in the wake of Johnson v. United

States, 135 S. Ct. 2551 (2015), having been appointed only and

solely for purposes of Johnson, pursuant to the court's order of

June 14, 2016 by the Honorable Robert C. Chambers, United States District Judge.

This action was previously referred to the Honorable Omar J. Aboulhosn, United States Magistrate Judge, for submission to the court of his Proposed Findings and Recommendation ("PF&R") for disposition pursuant to 28 U.S.C. § 636(b)(1)(B), which he entered on March 22, 2018.

In his thorough report, the magistrate judge recommends that the court grant the first motion to amend that was filed on March 24, 2017, deny the second motion to amend that was filed on July 28, 2017, deny the section 2255 motion, and dismiss this case from the court's docket. On May 10, 2018, movant filed his objections. Inasmuch as the court discerns no prejudice to the respondent, the court hereby grants movant's unopposed May 29, 2018 motion to supplement his objections. The court reviews de novo those matters in the PF&R, to which the objections pertain. 28 U.S.C. § 636(b)(1).

## I.    Background

The PF&R includes an informative description of the history of the case. Movant pled guilty, on January 30, 2013, to one count of aiding and abetting the possession with intent to distribute a quantity of heroin in violation of 21 U.S.C. §

841(a)(1) and 18 U.S.C. § 2.  The plea agreement included a
waiver of appellate rights, other than an appeal of the denial
of movant's motion to suppress (later affirmed on appeal), and a
waiver of collateral review challenges, except that the movant
retained the right to do either on the ground of ineffective
assistance of counsel.  At sentencing, the court applied certain
enhancements, including one for career offender status set forth
in his plea agreement, and sentenced movant to serve a total
term of 151 months of incarceration followed by three years of
supervised release.  The Fourth Circuit, in an opinion focused
on the motion to suppress, affirmed the district court's
judgment on April 23, 2014, by its mandate entered on May 15,
2014.

## II.  Objection to Finding the Guilty Plea Voluntary

The movant argues that his counsel, Mr. A. Courtenay
Craig, did not properly advise him of the nature of the charges
against him by characterizing his role in the offense as somehow
being limited to "constructive possession."  Obj. at 12 quoting
the January 30, 2013 plea hearing transcript (ECF No. 209 in the
movant's criminal case; hereinafter, "Transcript" or "Tr.") at
5-6.  A quotation of the colloquy featuring Mr. Craig's remark
follows:

[THE COURT] Q.  Now, let me note to you that if this case proceeded to trial, in order for you to stand convicted of the charge contained in that indictment against you, it would be necessary that the government prove to the satisfaction of this court and a jury beyond a reasonable doubt the following essential elements of that offense, and they are as follows:

First of all, that on or about March 16, 2001, (sic, 2011) at or near Charleston, Kanawha County, West Virginia, you possessed with intent to distribute a quantity of heroin, a Schedule I controlled substance.  Do you understand the first element?

A.  Yes.

Q.  And secondly, in doing so, that you were aided and abetted by Eddie Daivon Morgan.  Do you understand that as well?

MR. CRAIG:  Your Honor, it was our understanding under this, that he would either be charged as a principal or as an aider and abettor, and my client is willing to make a plea that will establish constructive possession.  It was never suggested to us that Mr. Hopkins was the principal.

THE COURT: The question is whether or not the defendant did or did not possess with intent to distribute a quantity of heroin.  That's an essential element.  And if it's not shown, then we need to abandon this hearing now.

MR. CRAIG:  I believe it is shown, Your Honor, and he is willing to admit what I've just described to you in this.

Tr. at 5-6.

Whether deemed actual or constructive possession, the movant, as set forth in his signed Stipulation of Facts attached

4

to his plea agreement, was in possession of a bag containing $10,720 in cash and 26.6 grams of heroin under the driver's seat where he was seated in a parked automobile, with his co-defendant Morgan behind him in the rear seat. According to that same stipulation, when the officers approached and asked movant to exit the vehicle, he drove off, was pursued, and lost control of the vehicle which crashed (into a tree), and both occupants then fled on foot. The vehicle and its contents were deemed abandoned.

All the elements of the offense were stated by the court twice during the colloquy, with movant confirming his understanding thereof on multiple occasions. PF&R at 19-20; Transcript at 6-10. The court went over the elements an extra time because movant wanted to confer with his attorney in the interim. Transcript at 9-10. Pressing the voluntariness point, the movant shows notes by his attorney (Exhibit 4 to the Objections) supposedly "coercing" him into the plea but this exhibit does nothing to demonstrate that the plea was not knowing and voluntary, as explained on pp. 14-22 of the PF&R.

The movant also maintains that the Supreme Court decision in <u>Rosemond v. United States</u>, 134 S. Ct. 1240 (2014) changed the law on aiding and abetting and thereby rendered his guilty plea invalid. The movant contends he was misinformed

about the elements of his charge in light of <u>Rosemond</u>, which required a defendant's advance knowledge that his confederate will be armed in order to be convicted of aiding and abetting a firearms offense under 18 U.S.C. § 924(c). Movant states in his objections that "[h]ere, Petitioner Hopkins contends that he did not have 'advance knowledge' that his co-conspirator would be in possession of drugs, nor who the drugs were being distributed to, so he cannot be guilty of aiding and abetting." Obj. at 6. As the magistrate judge aptly points out, though, movant's own statements during the plea hearing refute his present contention in this respect. When the undersigned asked movant to "tell me in your own words what it is that you did," he replied as follows:

> I was driving a car with drugs in it. I knew the heroin was in the car. I believed the drugs was going to be sold. I don't know to who.
> * * *
> I drove the car – I drove the car to Charleston to help get them distributed.

Tr. at 34 (quoted in the PF&R at 21).

Immediately thereafter, the following exchange took place, "Q. Whose job was it to arrange for the sale? A. I don't know exactly whose job it was going to be to arrange the sale." Tr. at 36 (quoted in the PF&R at 21).

Insofar as movant seeks to argue that a valid aiding and abetting conviction for illicit drug distribution must involve advance knowledge of the person to whom drugs are to be sold, the court finds that such a contention is groundless.  As the magistrate judge explains on p. 21 of the PF&R, quoting from the plea hearing transcript, movant admitted, and does not now contest, advance knowledge of the scheme to sell heroin even if he did not know to whom the heroin would ultimately be sold. <u>See, e.g.,</u> Tr. at 36 (quoted in PF&R at 21-22) ("Q. What you did know, though, and you can tell me whether this is true or not, is that you were in possession of the heroin and the intent was to distribute it; is that correct?  A. Yes.").

III. <u>Objection to Finding the Second Motion to Amend Untimely</u>

Movant's second motion to amend, filed July 28, 2017, brings claims of ineffective assistance of counsel against his attorney at the conviction and appeal stages, Mr. Courtenay Craig.  Movant objects to the magistrate judge's conclusion that the motion does not relate back to the original section 2255 motion, by virtue of which it is deemed untimely.  In doing so, the movant merely addresses the merits of his claims, rather than the gateway issue of relation back under Fed. R. Civ. P. 15(c)(1)(B) (allowing relation back when "the amendment asserts a claim or defense that arose out of the conduct, transaction,

or occurrence set out — or attempted to be set out — in the original pleading"). As the magistrate judge explains, the ineffective assistance claim based on an alleged failure to conduct a proper investigation of past offenses that served as predicates for a career offender enhancement and on allegedly misadvising the court about then pending state charges "is completely new and does not relate back to the original Motion." PF&R at 11. Inasmuch as movant presents no argument to the contrary, his objection to the magistrate's proposed finding in this respect is overruled.

Nevertheless, the two grounds advanced by the defendant for his claim of ineffective assistance of counsel are meritless. First, he claims that his two predicate offenses for career offender status are not crimes of violence, namely, attempted aggravated robbery under Ohio law and aggravated robbery under West Virginia law. For purposes of the career offender guideline, as it existed at the time defendant was sentenced, USSG § 4B1.2(a)(2) defined a crime of violence under the residual clause as one that "otherwise involves conduct that presents a serious potential risk of physical injury to another." Both of the defendant's predicate offenses fit that description.

Second, the defendant contends that his attorney failed to argue Setser v. United States, 566 U.S. 231 (2012), to this court at the time of his sentencing on May 22, 2013, in this case. The defendant refers to a kidnapping charge that was pending in state court at the time he was sentenced here. The state court case resulted in the defendant's subsequent plea and conviction on August 14, 2013, for the state offense of conspiracy for which he received a sentence of 1 to 5 years that the state judge directed to run concurrently with the federal sentence. At the time defendant was sentenced here, this court was made aware of the pendency of the state proceeding, but chose not to direct that the federal sentence should run either concurrently or consecutively to the state sentence, whatever that state sentence, if any, may ultimately have become. There was no failure in this respect on the part of his counsel.

## IV.    The Other Objections

Because the court agrees with the magistrate judge that movant's plea was voluntary and intelligent, it is unnecessary to address the second, alternative ground on which the magistrate judge denies the Rosemond claim, namely, procedural default. Even if, arguendo, the claim were not procedurally defaulted, the motion would nonetheless be denied for the substantive reasons heretofore noted.

The court further concludes that movant's allegations pertaining to ineffective assistance of counsel do not impinge on the propriety and validity of the guilty plea or movant's understanding of the charges against him at the time he entered that plea.

## V.

For the foregoing reasons it is ORDERED as follows:

1. That the movant's objections are overruled.

2. That Magistrate Judge Aboulhosn's Proposed Findings and Recommendation be, and they hereby are, adopted and incorporated herein.

3. That movant's first motion to amend, filed on March 24, 2017, and his motion to supplement his objections to the PF&R, filed on May 29, 2018, be, and they hereby are, granted.

4. That movant's second motion to amend, filed on July 28, 2017, be, and it hereby is, denied.

5. That movant's section 2255 motion, filed on July 15, 2015, as amended on March 24, 2017, be denied.

6. That this action be dismissed and removed from the docket of the court.

The Clerk is directed to forward copies of this written opinion and order to the pro se movant, all counsel of record, and United States Magistrate Judge Omar J. Aboulhosn.

DATED:  March 29, 2019

_____
John T. Copenhaver, Jr.
Senior United States District Judge