UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

**UNITED STATES OF AMERICA**

v.                                   Criminal Action No. 2:11-cr-00178-1

**STEPHEN MICHAEL HOPKINS**

<u>MEMORANDUM OPINION AND ORDER</u>

Pending is defendant Stephen Michael Hopkins' ("Hopkins"), memorandum in support of request for sentence reduction for extraordinary and compelling reasons (ECF 270), filed on April 11, 2022.[1] On April 25, 2022, the government filed a response in opposition. ECF 273. Hopkins filed his reply (ECF 274), on May 2, 2022.

I.   Background

On January 30, 2013, Hopkins pled guilty to aiding and abetting the possession with intent to distribute heroin in violation of 21 U.S.C. § 841(a) and 18 U.S.C. § 2. ECF 143; 144.

---

[1] Inasmuch as this memorandum asks the court to grant compassionate release, it is construed as a motion under 18 U.S.C. § 3582(c)(1)(A)(i).

According to the presentence investigation report ("PSR"), Hopkins was found responsible for at least 20 but less than 40 grams of heroin. ECF 183 ¶ 27. Using the 2012 Guidelines Manual, the base offense level for his crime of conviction was 18. Id. The PSR recommended a two-level enhancement pursuant to U.S.S.G. § 3C1.2 for obstruction of justice because Hopkins led law enforcement officers on a high-speed chase. Id. ¶ 31.

Additionally, the probation office found that Hopkins met the criteria for the career offender enhancement under U.S.S.G. § 4B1.1(b) based on prior felony convictions for attempted aggravated robbery in Ohio and aggravated robbery in West Virginia. The enhancement raised Hopkins' base offense level to 32. Id. ¶ 33.

Finally, Hopkins received a three-level reduction for acceptance of responsibility under U.S.S.G. §§ 3E1.1(a)&(b). Id. ¶¶ 34-35. Accordingly, Hopkins' total offense level, as calculated by the PSR, was 29. Id. ¶ 36.

Hopkins' prior convictions resulted in a criminal history score of 8. Id. at ¶ 45. A criminal history score of 8 establishes a Criminal History Category of IV. Id. ¶ 46. However, because Hopkins was designated as a career offender,

based on the two robbery offenses, his Criminal History Category was raised to VI. Id. at ¶¶ 46–47.

Hopkins' sentencing hearing was held on May 22, 2013. ECF 172. At this hearing, the court adopted the PSR without change. ECF 180. Based on a total offense level of 29 and criminal history category of VI, the court determined that the advisory guideline range for Hopkins' offense was 151 to 188 months. Id. at 1. The court found that a sentence at the low end of this guideline range was appropriate, and it sentenced Hopkins to a prison term of 151 months, to be followed by a 3-year term of supervised release. ECF 179 at 2 – 3.

According to the PSR, Hopkins has been in federal custody since October 11, 2012. ECF 183 at 1. As of the current date, he has been incarcerated for just over 123 months. Hopkins' projected release date is December 11, 2023.[2] See Fed. Bureau of Prisons, Find an Inmate, https://www.bop.gov/inmateloc/ (last visited January 25, 2023).

---

[2] Until January 24, 2023, the Bureau of Prisons' website indicated Hopkins' release date was December 10, 2024. After inquiry of the Bureau on January 20, 2023, as to whether there had been a failure to credit him with good conduct time, Hopkins' projected release date is now December 11, 2023.

3

## II.  Legal Standard

Generally, once a court has imposed a term of imprisonment, it lacks the authority to modify the sentence.  18 U.S.C. § 3582(c).  In December 2018, Congress enacted the First Step Act, which amended 18 U.S.C. § 3582 and enabled courts to reduce a term of imprisonment under certain circumstances.  First Step Act of 2018, Pub. L. No. 115-391, § 603, 132 Stat. 5194, 5239.

As amended, § 3582 provides that after satisfying an administrative exhaustion requirement,[3] courts may reduce a sentence if (1) "extraordinary and compelling reasons warrant such a reduction," (2) "reduction is consistent with the applicable policy statements issued by the Sentencing Commission," and (3) release is consistent with the factors listed under 18 U.S.C. § 3553(a).  18 U.S.C. § 3582(c)(1)(A).

The Fourth Circuit has noted that at the current time there are no "applicable policy statements issued by the Sentencing Commission."  See United States v. McCoy, 981 F.3d 271, 283 (4th Cir. 2020).  Accordingly, the court is not limited by an enumerated list of reasons that warrant relief and

---

[3] The record reflects that Hopkins requested compassionate release from the warden of his prison facility on March 22, 2021.  See ECF 264-1.

4

"enjoy[s] broad discretion in conducting this analysis." United States v. Kibble, 992 F.3d 326, 330 (4th Cir. 2021), cert. denied, 142 S. Ct. 383 (2021); but see United States v. Ferguson, 55 F.4th 262 (4th Cir. 2022) (finding a defendant cannot challenge the validity of his conviction or sentence through a motion for compassionate release).

III. Analysis

Hopkins argues against the use of his 1996 conviction for attempted aggravated robbery as a predicate offense for career offender enhancement. In support, he relies on the decisions in United States v. Campbell, 22 F.4th 438 (4th Cir. 2022) and McCoy, 981 F.3d 271 (4th Cir. 2020). As explained below, the court is unpersuaded by Hopkins' argument and finds his reliance on these cases to be misplaced.

A. Applicability of Campbell

The thrust of Hopkins' motion for compassionate release is his assertion that, because of Campbell, if sentenced today he would not qualify as a career offender. ECF 270 at 6 – 11.

In Campbell, the Fourth Circuit observed that the term "controlled substance offense," as defined in § 4B1.2(b) of the

United States Sentencing Guidelines, does not include inchoate offenses. 22 F.4th 438. The court concluded that the commentary to U.S.S.G. § 4B1.2, which states that a "controlled substance offense" "include[s] the offenses of...conspiring, and attempting to commit such offenses," adds inchoate offenses to the offenses listed in § 4B1.2 and is thus inconsistent with the definition set forth in the text of the Guidelines. Id. at 444 – 47.

Hopkins relies upon Campbell for his proposition that "no inchoate offense can be a career offender predicate," which he seeks to extend to attempted crimes of violence. ECF 270 at 11. Campbell does not purport to go so far. Rather, the court in Campbell noted that, unlike the Guideline's definition of "controlled substance offense," the Guideline definition of "crime of violence" "explicitly includes attempt crimes." Campbell at 447.

> Indeed, § 4B1.2(a) provides:
>
> (a) The term "crime of violence" means any offense under federal or state law, punishable by imprisonment for a term exceeding one year that –
>
> > (1) Has as an element the use, attempted use, or threated use of physical force against the person of another, or
>
> > (2) is murder, voluntary manslaughter, kidnapping, aggravated assault, a forcible sex offense, robbery, arson, extortion, or

6

> the use or unlawful possession of a firearm described in 26 U.S.C. § 5845(a) or explosive material as defined in 18 U.S.C. § 841(c).

§ 4B1.2(a) (emphasis added). The Guidelines thus specifically provide that a "crime of violence" includes the attempted use of physical force. Because Hopkins was convicted of attempted aggravated robbery, a crime that was treated at his sentencing as one of violence, his reliance on Campbell is unfounded.

> B. Hopkins may not collaterally attack his sentence via a motion for compassionate release

To the extent Hopkins is seeking to collaterally attack his sentence, the court finds such grounds are improperly brought in a motion for compassionate release.

In United States v. Ferguson, 55 F.4th 262 (4th Cir. 2022), the court was faced with determining whether a defendant may use a motion for compassionate release to collaterally attack his conviction and sentence. The court found this to be improper because

> 28 U.S.C. § 2255 is "[t]he exclusive remedy" for challenging a federal conviction or sentence after the conclusion of the period for direct appeal, "unless [§ 2255] is inadequate or ineffective," in which case the defendant may file a 28 U.S.C. § 2241 petition for habeas corpus pursuant to the savings clause at § 2255(e).

7

Id. at 270 (quoting United States v. Simpson, 27 F. App'x 221, 224 (4th Cir. 2001)). Allowing a defendant to use a motion for compassionate release to collaterally attack his sentence would "ignore[] the established procedure" and allow defendants to "sidestep § 2255's requirements." Id.

In reaching this conclusion, the court distinguished its holding from its prior decision in McCoy. Id. at 271. While McCoy involved defendants who sought compassionate release under the First Step Act based on a dramatic change in sentencing law respecting anti-stacking that was enacted by, but not made retroactive in, that same Act, the compassionate release motion filed in Ferguson, "constitute[d] [a] quintessential collateral attack[] on his conviction[] and sentence that must be brought via § 2255." Id. The court concluded "we hold that a compassionate release motion cannot be used to challenge the validity of a defendant's conviction or sentence." Id. at 272. Thus, Hopkins may not collaterally attack his sentence through a motion for compassionate release. To the extent he is seeking such relief, it is denied.

8

      C.    Hopkins' conduct while incarcerated is not an extraordinary and compelling reason to support compassionate release

Hopkins' final argument in support of compassionate release is based on his conduct while incarcerated in that he "has completed numerous programs to prepare for release, has a minimal disciplinary history, and has employment waiting for him upon release." ECF 274 at 4. While the court notes Hopkins' efforts while incarcerated, rehabilitation may not on its own, serve as a basis for compassionate release. <u>McCoy</u>, 981 F.3d at 286, n. 9; <u>United States v. Davis</u>, No. 21-6960, 2022 WL 127900 (4th Cir. Jan. 13, 2022); 28 U.S.C. § 944(t). Accordingly, the court finds his generally commendable conduct while incarcerated does not constitute extraordinary and compelling reasons which warrant compassionate release.

### IV. Conclusion

In light of the foregoing, the court DENIES Hopkins' motion for compassionate release.

The Clerk is directed to transmit copies of this order to the defendant and all counsel of record, the United States Probation Office, the United States Marshal, and to the Federal Bureau of Prisons.

ENTER: January 31, 2023

John T. Copenhaver, Jr.
Senior United States District Judge